**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

GALLAHER & ASSOCIATES, INC. )
    Plaintiff, )
                               )
v. )    No. 3:08-CV-459
                               )    (Phillips)
EMERALD TC, LLC, )
CHERRY WILLIAMSON, and )
LIBBY YEARTY, )
    Defendants. )

**MEMORANDUM AND ORDER**


This matter is before the court on the motions to dismiss filed by Libby Yearty,

Cherry Williamson, and Emerald TC, LLC. The plaintiff opposes the defendants' motions

to dismiss, and in addition, has filed a motion to amend its complaint. Defendants' oppose

that motion. When there are pending before the court both a dispositive motion and a

motion to amend the complaint, the court must first address the motion to amend

complaint. *See Ellison v. Ford Motor Co.,* 847 F.2d 297, 300 (6th Cir. 1988).


I. GAI's Motion to Amend Complaint

Plaintiff, Gallaher & Associates, Inc. (GAI) has moved, pursuant to Rule 15,

of the Federal Rules of Civil Procedure, for permission to amend its complaint. In support

of the motion, plaintiff states that discovery taken since the original complaint was filed

justifies a more particularized complaint. Specifically, GAI has asserted additional facts in

support of its claims against Williamson and Yearty, and has dropped its claim under the Fair Business Practices Act. Defendants oppose plaintiff's motion to amend citing undue delay and prejudice, as well as futility of the proposed amendments.

On October 13, 2008, GAI filed suit in the Circuit Court of Blount County, Tennessee, alleging breach of contract, fraud and/or misrepresentation, negligence, and violation of the Fair Business Practices Act. The matter was removed to this court on November 12, 2008. By agreement, GAI filed its first amended complaint on December 5, 2008 to add individual claims of negligence against Cherry Williamson and Libby Yearty. In the proposed amended complaint, GAI seeks to add additional facts in support of its claims against Williamson and Yearty for negligence, additional facts supporting its claims for fraud and/or misrepresentation on the face of the Engagement Letter, and has dropped its claim under the Fair Business Practices Act.

Defendants assert that GAI's motion to amend should be denied because the delay in amending the complaint (11 months after the original complaint was filed) is unjustified. The additional facts and new theories of recovery were known, or should have been known, to GAI at the time of the original complaint. In addition, the proposed amendments will prejudice the defendants because the amendments will require additional dispositive motions at increased time and expense. Additional discovery into the new charges may also be required. Finally, defendants assert that GAI's tort claims, whether in fraud and/or misrepresentation or professional negligence, are barred by applicable

2

Georgia law. Defendants further state that the parties have a contract and the contract is the sole basis for relief. Therefore, GAI's tort claims are impermissible under Georgia law.

Rule 15(a) permits amendments to pleadings at any time during the litigation, and leave shall be freely given "when justice so requires." Fed.R.Civ.P. 15(a). However, a court must balance harm to the moving party if he or she is not permitted to amend against prejudice caused to the other party if leave to amend is granted. *Foman v. Davis* 371 U.S. 178, 182 (1962). A court may deny leave to amend in some circumstances, including "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment and futility of the amendment." *Id.*

Here, there does not appear to be undue delay in the filing or giving notice of GAI's motion. The proposed amendment was made approximately one year before the August 10, 2010 trial date and shortly after the defendants' depositions. It was also made approximately six months before the deadline for amendments in the scheduling order. The court finds GAI's motion timely.

Second, there is no indication in the record that GAI is acting in bad faith in bringing the motion to amend. GAI filed its motion following discovery depositions of defendants and following an unsuccessful mediation. Third, there has been no repeated failures to cure pleading deficiencies by amendment and it appears that the amendment

3

may be required in order for the proper trial of this case on its merits.  Fourth, it does not appear that defendants will be unduly prejudiced by the amendment.  The trial of this matter is scheduled for August 10, 2010, allowing ample time for the parties to conduct any necessary discovery.

This leaves only the question of whether the proffered amendment is futile. A motion for leave to amend may be denied for futility "if the court concludes that the pleading as amended cannot withstand a motion to dismiss."  *Midkiff v. Adams County Regional Water District,* 409 F.3d 758, 767 (6th Cir. 2005).  A motion to dismiss should not be granted unless taking all well-pleaded allegations as true and construing them in the light most favorable to the non-moving party, there are not sufficient facts to make out all material elements of the claims.  *Trezbuckowski v. City of Cleveland*, 319 F.2d 853, 855 (6th Cir. 2003).

GAI's proposed second amended complaint asserts additional facts in support of the claims asserted in its first amended complaint.  It does not assert any new causes of action. Defendants argue that GAI cannot maintain a misrepresentation claim as to the Engagement Letter because at the time GAI signed the Engagement Letter, it had already purchased the software.  Therefore, GAI could not have relied upon any representations in the Engagement Letter inducing it to purchase the software.  However, GAI states that it contracted with defendants to provide more than software.  Under the Engagement Letter, defendants were also required to implement the software.  GAI further states that the misrepresentations defendants made in the Engagement Letter related to the

4

implementation of the software system, not to the sale of the actual software.  At this point in the proceedings, I find that GAI has stated a cognizable claim for misrepresentation under the Engagement Letter.

In sum, I find that defendants will suffer no prejudice as a result of the amendment and are free to challenge the amended claims on a motion for summary judgment after discovery is completed.  Accordingly, GAI's motion for leave to amend its complaint [Doc. 27] is hereby **GRANTED.**

## II.  Defendants' Motions to Dismiss

Because GAI's second amended complaint affects the pending motions to dismiss, the motions [Docs. 15, 17, 19] are **DENIED AS MOOT**.

## III.  Conclusion

For reasons stated above, plaintiff's motion to amend complaint [Doc. 27] is **GRANTED**, and plaintiff is **ORDERED** to file its amended complaint with the clerk. Defendants' motions to dismiss [Docs. 15, 17, 19] are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge

5